UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HAMILTON,<br>Plaintiff,<br>v.<br>CALIFORNIA HIGHWAY PATROL, SACRAMENTO COUNTY SHERIFF'S OFFICE, and SACRAMENTO POLICE DEPARTMENT,<br>Defendants. | No. 2:25-cv-2575 AC PS<br><br><u>ORDER and FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a Sacramento County inmate, filed a pro se civil rights complaint dated September 1, 2025 and docketed on September 8, 2025. ECF No. 1. The case is referred to the undersigned by operation of E.D. Cal. R. ("Local Rule") 302(c)(17). Before the court is a motion to dismiss filed by defendant California Highway Patrol. ECF No. 5. For the reasons stated below, the undersigned recommends that the motion be granted. The court further finds that the complaint should be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) as to unserved defendants.

## I. Background

A. <u>Complaint</u>

The complaint, ECF No. 1, consists of a handwritten narrative that does not specify

individual causes of action. The named defendants are the California Highway Patrol, Sacramento Sheriff, and Sacramento Police Department. Id. at 1.

Plaintiff alleges that he was arrested on October 18, 2021, by unidentified CHP officers who relied on falsified information provided by the Sacramento County Sheriff's Department. The allegedly fabricated evidence included a two-week old criminal complaint whose dates were "manipulated" to make it appear that plaintiff was presently armed with stolen guns. During the incident leading to his arrest, plaintiff was surveilled by drones and subjected to unspecified acts of racism. Plaintiff, who has suffered from mental illness for much of his life, attempted to flee and ran into a concrete wall, knocking himself unconscious. When he came to, he was being viciously attacked by a police dog. ECF No. 1. Plaintiff alleges that use of the dog on an unconscious suspect constitutes an excessive of force. Id. at 3.

The court construes the complaint as a putative civil rights action under 42 U.S.C. § 1983.

B. Procedural History

The complaint has not been screened pursuant to 28 U.S.C. § 1915A. IFP status was not granted until February 11, 2026, ECF No. 17, after plaintiff was repeatedly ordered to submit a properly supported application, ECF Nos. 3, 7, 9. Despite the fact that the complaint has not been screened and ordered served, the California Highway Patrol ("CHP") appeared and filed the instant motion to dismiss. ECF No. 5.

The undersigned granted plaintiff two extensions of time to respond to the motion. ECF Nos. 11, 16. He eventually filed various medical records, ECF No. 19, along with a statement explaining that he suffers from a severe mental health disorder which should excuse any untimeliness, ECF No. 20. CHP filed a notice asserting that plaintiff has never responded to the motion to dismiss. ECF No. 21.

## II. The Motion to Dismiss

A. Overview

CHP moves for dismissal on grounds that plaintiff's claims are time-barred and that it is not subject to suit under § 1983. ECF No. 5. In the interests of justice, the undersigned construes plaintiff's filings at ECF No. 19 and 20 as a statement that he opposes dismissal. The court will

also consider plaintiff's assertions about his mental health in relation to the timeliness of the petition.

B. Legal Standards Governing Motions to Dismiss under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. See Fed. R. Civ. P. 15(a); Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied ... if amendment would be futile." Carrico v. City & County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011).

C. The California Highway Patrol Cannot Be Sued Under Section 1983

States and their departments are not subject to suit under Section 1983, both because they are not "persons" within the meaning of the statute and because they enjoy Eleventh Amendment immunity from such suit. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (holding as a matter of statutory construction that a state is not a "person" who can be sued, and noting that sovereign immunity also applies); see also Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1072 (9th Cir. 2007). Accordingly, the CHP is not a proper defendant and must be dismissed.

D. The Complaint is Untimely

CHP argues that the complaint is time-barred. Section 1983 borrows the forum state's statute of limitations for personal injury actions. Butler v. Nat'l Comm. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014). This statute of limitations is two years in California. Id. (citing Cal. Civ. Code § 335.1). A claim under §1983 claim accrues, for the purposes of the starting of the running of the limitations period, when the plaintiff "knows or has reason to know of the injury that is the basis of the action." Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015).

Plaintiff's complaint concerns an arrest and injury that occurred on October 18, 2021, almost four years before this action was filed. All actions of law enforcement officers which are alleged as a basis for liability occurred on or before that date. ECF No. 1. Accordingly, the complaint is time-barred on its face.

Plaintiff has provided the court with documentation of his diagnoses of bipolar disorder, depression, paranoia, and anxiety. ECF Nos. 19, 20 at 1-2. He explains that these conditions prevented him from understanding time constraints and legal procedures, and he asks for leniency regarding his late filing. ECF No. 20 at 2. The court lacks the authority to waive timeliness rules out of sympathy for plaintiff's situation. Although the result may be harsh, it is required by the statute of limitations, which exists to provide finality to litigation and prevent stale lawsuits. As the California Supreme Court has explained:

> [A] statute of limitations. . . operates conclusively across-the-board. It does so with respect to all causes of action, both those that do not have merit and also those that do. That it may bar meritorious causes of action as well as unmeritorious ones is the price of the orderly and timely processing of litigation — a price that may be high, but one that must nevertheless be paid.

Norgart v. Upjohn, 21 Cal. 4th 383, 410 (1999) (internal quotation marks and citations omitted).

For the reasons explained above, CHP's motion to dismiss should be granted.

E. Leave to Amend Would Be Futile

Courts should grant leave to amend unless it is clear that such leave would be futile. See Fed. R. Civ. P. 15(a); Manzarek, 519 F.3d at 1031; Carrico, 656 F.3d at 1008. Although plaintiff might theoretically be able to substitute individual CHP officers for the state entity defendant by amendment,[1] all claims arising from the 2021 arrest would remain time-barred.

In light of plaintiff's proffer of mental health information, the undersigned has considered sua sponte whether the complaint might be amended to include allegations to support equitable tolling. California tolling rules apply here. Butler, 766 F.3d at 1198 (statute of limitations and related tolling rules are borrowed from those of the forum state). To trigger equitable tolling in California, a plaintiff must show (1) "timely notice" of the claim to the defendant; (2) "lack of prejudice" to the defendant; and (3) "reasonable and good faith conduct on the part of the plaintiff." McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 102 (2008); see also

[1] Individual state law enforcement officers may be sued in their individual capacities under § 1983. See 42 U.S.C. § 1983 (establishing liability for persons who violate constitutional rights under color of state law).

Butler, 766 F.3d at 1204. There is no indication in the record that plaintiff could satisfy any of these criteria, let alone all of them. Indeed, given the extent of the untimeliness, defendants would be prejudiced by the delay even if plaintiff had given timely notice of the claim(s). This would defeat tolling even on a plausible factual basis, which is not present here.

California Civil Procedure Code § 352(a) specifically provides for tolling where, at the time the cause accrued, the claimant lacked the legal capacity to make decisions. Mental illness is not the same thing as legal incapacity, however, and nothing in the records plaintiff has provided suggests that he had been found legal incompetent prior to October 18, 2021, when the claim accrued (or at any time thereafter). For all these reasons, the undersigned concludes that the untimeliness of the complaint could not be cured by amendment. Accordingly, leave to amend should be denied as futile.

**III. The Complaint Should Be Summarily Dismissed as to Non-Moving Defendants**

The above statute of limitations analysis applies equally to all defendants, named and unnamed. Neither the Sacramento County Sheriff's Department nor the Sacramento Police Department has been served or appeared. It is nonetheless apparent that the complaint does not state a claim against them and is not suitable for service.

The court notes that the complaint names local law enforcement entities, rather than individual officers, as defendants. Civil rights claims under § 1983 must be brought against the individual officers who violated a plaintiff's rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Municipalities and law enforcement agencies are not liable for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("[t]here is no respondeat superior liability under section 1983"). Municipal entities can be liable only when their policies caused the alleged constitutional violations. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Accordingly, plaintiff's putative claims against the Sacramento County Sheriff's Department and the Sacramento Police Department must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

For all the reasons explained above as to the CHP, amendment as to other defendants would be futile. Even if plaintiff pleaded facts regarding the actions of individual officers, or

attempted to assert a Monell claim[2] based on some municipal policy, the claims would be time-barred. The untimeliness of the complaint is not a defect that can be cured by amendment.

## IV. Pro Se Plaintiff's Summary

The magistrate judge is recommending that your case be dismissed because you filed it too long after the 2021 arrest that is the basis of your complaint. The two-year statute of limitations cannot be waived due to your mental illness. The district judge will make the final decision. You may submit written objections to these Findings and Recommendations, following the directions below.

## V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall randomly assign a district judge to this case.

**IT IS FURTHER RECOMMENDED** that:

a. The California Highway Patrol's motion to dismiss (ECF No. 17) be GRANTED;

b. The complaint be dismissed as to all other defendants pursuant to 28 U.S.C. § 1915(e)(2)(B); and

c. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies of the court's calendar, requests for extension of time are strongly disfavored. Objections need only identify the portion of the Findings and Recommendation to which objection is made.** Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the

[2] Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658 (1978).

District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 19, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE